**LSI LOGIC CORPORATION, a Delaware corporation, Plaintiff–Appellant,**

v.

**INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, a Pennsylvania corporation, Defendant–Appellee.**

No. 04–16759.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Oct. 23, 2006.

David A. Gauntlett, Esq., Attorney at Law, James A. Lowe, Esq., Gauntlett & Associates, Irvine, CA, for Plaintiff–Appellant.

Robert G. Seeds, Esq., Archer, McComas, Breslin, McMahon & Chritton, H. Paul Breslin, Esq., Archer Norris, Walnut Creek, CA, Limor Lehavi, Esq., Archer Norris, Los Angeles, CA, for Defendant–Appellee.

Before: GRABER, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM *

From May 1990 through May 2004, LSI Logic Corporation ("LSI") purchased foreign commercial general liability insurance from the Insurance Company of the State of Pennsylvania ("ICSOP"). The policy provided that ICSOP owed a duty to defend if LSI incurred liability in a lawsuit alleging advertising injury and arising in the coverage territory. The coverage territory excluded the United States. LSI sought coverage from ICSOP for a U.S. patent suit brought by Philips Corporation ("Philips") alleging infringement of their U.S. Patent No. 4,689,740 ("'740 patent") "within the United States."

We adopt the reasoning set forth in the district court's decision of August 5, 2004, holding that LSI failed to meet the coverage-territory requirement of the policy. LSI's website descriptions of the products that infringed Philips' '740 patent do not constitute sufficient extraterritorial activity to render the facts underlying the U.S. patent suit within the coverage territory. Therefore, we conclude that ICSOP's motion to dismiss was properly granted, and we decline to reach the remaining issues.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

